THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| STACY EILEEN KINCH,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY TODD,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS**<br><br>Case No. 4:25-cv-00104-DN-PK<br><br>District Judge David Nuffer |

This case involves a claim for violation of Plaintiff's Fourth Amendment rights arising from her arrest for driving under the influence ("DUI") on December 30, 2018.[1] Plaintiff alleges that Defendant lacked reasonable suspicion to initiate a traffic stop and lacked probable cause to make an arrest.[2] Defendant seeks dismissal of Plaintiff's Complaint on the basis of qualified immunity.[3] Defendant argues that the law at the time of Plaintiff's traffic stop and arrest did not clearly establish that his conduct violated Plaintiff's Fourth Amendment rights.[4]

Defendant's Motion to Dismiss[5] is DENIED. The Complaint's factual allegations, viewed as true, are sufficient to state a plausible claim for relief. No reasonable officer, under the facts alleged, would have believed that reasonable suspicion existed to initiate the traffic stop of

[1] Verified Complaint ("Complaint") at 1, ¶¶ 33-37 at 12-13, docket no. 1, filed Aug. 20, 2025.

[2] *Id*.

[3] Motion to Dismiss, docket no. 10, filed Nov. 20, 2025.

[4] *Id*. at 7-25.

[5] Docket no. 10, filed Nov. 20, 2025.

Plaintiff's vehicle. Therefore, a determination that Defendant is entitled to qualified immunity is precluded by the standard of review on Defendant's Motion to Dismiss.

## 1 DISCUSSION

Dismissal is appropriate under FED. R. CIV. P. 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[6] A cause of action must be supported by sufficient, well-pleaded facts to be plausible on its face.[7] In reviewing a complaint that is subject to a motion to dismiss, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[8] "[D]ocuments incorporated into the complaint by reference, and matters of which a court may take judicial notice[,]" may also be considered.[9]

### 1.1 Defendant argues only that Plaintiff cannot satisfy the "clearly established by law" prong of the qualified immunity inquiry.

"Public officials are immune from suit under 42 U.S.C. § 1983 unless they have violated a statutory or constitutional right that was clearly established at the time of the challenged conduct."[10] "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."[11] "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact."[12]

---

[6] FED. R. CIV. P. 12(b)(6); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[9] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[10] *City & Cty. of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) (internal quotations omitted).

[11] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

[12] *Id.* (internal quotations omitted).

Thus, "[q]ualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions," and "protects all but the plainly incompetent or those who knowingly violate the law."[13]

"Because qualified immunity is an immunity from suit rather than a mere defense to liability it is effectively lost if a case is erroneously permitted to go to trial."[14] "[T]he driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery."[15] And for this reason, the Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation."[16]

"[A] plaintiff seeking to avoid [dismissal] on qualified immunity grounds must satisfy a 'heavy' two-part burden."[17] The plaintiff must "allege sufficient facts to show [(1)] that [the defendant] 'plausibly violated [the plaintiff's] constitutional rights, which were [(2)] clearly establish at the time of the violation.'"[18] The two prongs of qualified immunity may be analyzed in any sequence based on the circumstances of the particular case.[19] But a plaintiff "must satisfy both prongs to overcome qualified immunity."[20] In this case, Defendant's Motion to Dismiss

---

[13] *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (internal quotations omitted).

[14] *Pearson*, 555 U.S. at 231 (internal quotations and punctuation omitted).

[15] *Id*. (internal quotations and punctuation omitted).

[16] *Id*. at 232 (internal quotations omitted).

[17] *Mecham v. Frazier*, 500 F.3d 1200, 1204 (10th Cir. 2007).

[18] *Estate of Deweese v. Hancock*, --- F.4th ---, 2026 WL 2416824, *3 (10th Cir. 2026) (quoting *Johnson v. City of Cheyenne*, 99 F.4th 1206, 1216 (10th Cir. 2024)).

[19] *Pearson*, 555 U.S. at 236.

[20] *Estate of Deweese*, 2026 WL 2416824, *3 (citing *Flores v. Henderson*, 101 F.4th 1185, 1193 (10th Cir. 2024)).

argues only that Plaintiff cannot satisfy the qualified immunity inquiry's "clearly established by law" prong.[21]

### 1.2 The Complaint's allegations are sufficient to satisfy the "clearly established by law" prong on the standard of review for a motion to dismiss

To satisfy the "clearly established by law" prong of the qualified immunity inquiry, a plaintiff must show "it was clearly established at the time of the violation, such that every reasonable official would have understood, that such conduct constituted a violation of [the plaintiff's constitutional] right."[22] This usually requires the plaintiff to "(1) identify 'an on-point Supreme Court or published Tenth Circuit decision,' or (2) 'show[] the clearly established weight of authority from other circuits [has] found the law to be as [the p]laintiff maintains.'"[23] But "in certain 'rare' or 'extreme circumstances,' 'a government official may still have notice that their conduct violates a constitutional right because it is so apparent as to apply with obvious clarity.'"[24] Courts "must not 'define the relevant constitutional right at a high level of generality,' and 'the clearly established law must be particularized to the facts of the case.'"[25]

Plaintiff alleges Defendant violated her Fourth Amendment rights when he initiated the traffic stop of her vehicle and subsequently arrested her for DUI.[26] The relevant law regarding an individual's Fourth Amendment rights in traffic stops is long standing. "[T]he Fourth Amendment permits an officer to initiate a brief investigative traffic stop when [the officer] has

---

[21] Motion to Dismiss at 7-25.

[22] *Estate of Deweese*, 2026 WL 2416824, *3 (citing *Flores*, 101 F.4th at 1193).

[23] *Id*. (quoting *Flores*, 101 F.4th at 1197).

[24] *Id*. (quoting *Brown v. City of Tyulsa*, 124 F.4th 1251, 1265 (10th Cir. 2025)).

[25] *Id*. (quoting *Flores*, 101 F.4th at 1197).

[26] Complaint at 1, ¶¶ 33-37 at 12-13.

'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'"[27]

"Although a mere 'hunch' does not create reasonable suspicion, the level of suspicion the standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause."[28] "The standard 'depends on the factual and practical considerations of everyday life on which reasonable and prudent [individuals], not legal technicians, act.'"[29] Courts "must permit officers to make 'commonsense judgments and inferences about human behavior.'"[30] Thus, "reasonable suspicion is an 'abstract' concept that cannot be reduced to 'a neat set of legal rules.'"[31] "The standard takes into account the totality of the circumstances—the whole picture" known to the officer.[32] And "[a]s a result, the presence of additional facts might dispel reasonable suspicion."[33]

Plaintiff's Complaint alleges that on December 30, 2018, Defendant was notified by local dispatch that a woman had received an injection of "narcotics" at the Cedar City Hospital and had been told not to drive.[34] Dispatch relayed to Defendant that the informant, a concerned citizen named "Amanda," reported to dispatch that the woman left the hospital at some point and was believed to be driving a black Subaru SUV South on Main Street in Cedar City, Utah.[35] Upon receiving this information, Defendant located a vehicle matching the description leaving

---

[27] *Kansas v. Glover*, 589 U.S. 376, 380 (2020) (quoting *United States v. Cortez*, 449 U.S. 411, 417-418 (1981)).

[28] *Id*. (quoting *Prado Navarette v. California*, 572 U.S. 393, 397 (2014)).

[29] *Id*. (quoting *Prado Navarette*, 572 U.S. at 330) (emphasis omitted).

[30] *Id*. at 380-381 (quoting *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000)).

[31] *Id*. at 384 (quoting *United States v. Arvizu*, 534 U.S. 266, 274 (2002)).

[32] *Id*. at 386 (quoting *Prado Navarette*, 572 U.S. at 397).

[33] *Id*.

[34] Complaint ¶ 5 at 3, ¶ 10 at 4-5.

[35] *Id*.

the Cedar City Post Office parking lot, roughly one mile South the Cedar City Hospital on Main Street.[36] Defendant observed the vehicle successfully merge into heavy traffic on Main Street; navigate to the stop light on Center Street and Main Street; make a left turn; and drive over at least three cross walks.[37] Defendant then followed the vehicle for more than five miles on SR-14, a winding two-lane paved mountain road.[38] Defendant subsequently sought additional information from dispatch, and was informed the subject's name, date of birth, height, weight, and hair color.[39] Based on this additional information, Defendant concluded he was following the vehicle driving by the subject identified by the informant, and he initiated a traffic stop of the vehicle.[40]

Throughout the entire time Defendant observed and followed Plaintiff's vehicle, he saw no abnormal driving pattern, traffic violations, or signs of impairment.[41] Defendant had no information that anyone had observed Plaintiff's vehicle driving in an unsafe manner.[42] Defendant was not provided with any information regarding the informant's identity, except at some point he was provided her name.[43] He did not know whether the informant had personal knowledge of the information conveyed to dispatch.[44] He did not know whether the informant was part of the hospital's medical staff or a bystander who might have overheard a

---

[36] *Id.* ¶ 8 at 4.

[37] *Id.*

[38] *Id.* ¶ 10 at 4-5.

[39] *Id.* ¶ 11 at 5.

[40] *Id.* ¶ 12 at 5.

[41] *Id.* ¶ 10 at 4-5.

[42] *Id.* ¶ 7 at 4.

[43] *Id.* ¶ 6 at 3-4, ¶ 10 at 4-5.

[44] *Id.* ¶ 6 at 3-4.

conversation.[45] Defendant also did not know what medication had been administered to the subject; when the medication was administered; whether the medication would affect the subject's motor skills or perception; how long it would take for the injection to take effect; or how long the subject was advised not to drive or who gave the subject this direction.[46]

Plaintiff does not cite any case law that is sufficiently similar factually to demonstrate that Defendant should have known that he lacked reasonable suspicion to initiate the traffic stop of Plaintiff's vehicle. Nevertheless, the facts alleged—viewed as true and with all reasonable inferences viewed in a light most favorable to Plaintiff—demonstrate that no reasonable officer would have believed that reasonable suspicion existed to initiate a traffic stop of Plaintiff's vehicle. Defendant observed no traffic violations or signs of impaired driving. And he had only vague, incomplete, and *de minimus* information regarding the potential for criminal activity from an unknown source of questionable reliability. It should have been obvious to Defendant that based on the totality of circumstances, he lacked a particularized and objective basis for suspecting Plaintiff of criminal activity. Therefore, Plaintiff's Complaint alleges sufficient facts to satisfy the qualified immunity inquiry's "clearly established by law" prong.

This conclusion does not mean that Defendant, ultimately, will not be entitled to qualified immunity. Rather, the conclusion is driven by the standard of review for Defendant's Motion to Dismiss. And at this time, a determination that Defendant is entitled to qualified immunity is precluded.

---

[45] *Id.*

[46] *Id.*

## 2 ORDER

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss[47] is DENIED.

Signed August 27, 2026.

BY THE COURT

David Nuffer
United States District Judge

[47] Docket no. 10, filed Nov. 20, 2025.